UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.:

VENITIA C. TIBERI,

    Plaintiff,

v.

CENTRAL BROWARD WATER
CONTROL DISTRICT, an agency
of the State of Florida

    Defendants,

_____/

## COMPLAINT

Plaintiff VENITIA C. TIBERI ("Plaintiff" or "Benjamin") sues defendant CENTRAL BROWARD WATER ("Defendant"), and alleges:

### NATURE OF THE ACTION

1. This is an action by Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA"), to redress injury done to her by Defendant's discriminatory, harassing, and retaliatory treatment on the basis of sex.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 42 U.S.C. § 2000e *et seq*., and 28 U.S.C. §§ 1331, 1343(3) and (4) and 1367(a).

3. Venue is proper in the United States District Court for the Southern District of

1

Florida pursuant to 28 U.S.C. § 1391, because Defendant resides in this district, having its principal place of business within this district; also, because Defendant is subject to the Court's personal jurisdiction with respect to the civil action at bar and because all or a substantial part of the events or omissions giving rise to this cause of action took place in this judicial district.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, Plaintiff is bringing claims under the FCRA.

## PARTIES

5. Plaintiff at all times material was a resident of Broward County, Florida, who was employed by Defendant and, as a woman, she is a member of certain protected classes of persons.

6. At all times material to this Complaint, Plaintiff was an "employee" and "aggrieved person" as defined by 42 U.S.C. § 2000e(f); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definitions of "employee" and "aggrieved person."

7. At all times material, Defendant CENTRAL BROWARD WATER was an agency of the State of Florida authorized to conduct business in the State of Florida, in Broward County, and within the jurisdiction of this Court.

8. At all times material, Defendant was an "employer" as defined by 42 USCS § 12111(5); 42 USC § 2000e(a) and (b); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(7). Plaintiff specifically incorporates the definition of "employer."

9. At all times material, Defendant employed fifteen (15) or more employees for each

working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

## PROCEDURAL REQUIREMENTS

10. All conditions precedent to bringing this action have been fulfilled. Plaintiff dual-filed three Charges of Discrimination with the EEOC, and also with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about March 21, 2022, the U.S. Equal Employment Opportunity Commission, through the Department of Justice, issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination. *See* **Composite Exhibit "A."**

## STATEMENT OF FACTS

11. Plaintiff was employed by Defendant as an administrative assistant from December 14, 2020, until her termination on June 16, 2021.

12. Shortly after starting her job, Plaintiff began to receive constant and unwanted sexual advances from her supervisor, Mike Crowley, District Manager, Central Broward Water Control District.

13. Plaintiff repeatedly rebuffed his advances, which ultimately led to her termination.

14. Within 3 days of starting her job, Plaintiff was reviewing her health benefits and registration with Mr. Crowley and Jace Selby, District Clerk.

15. Generally, there was a waiting period, but Mr. Crowley wanted Plaintiff to have benefits immediately. As they were discussing Plaintiff's options for immediate registration, Mr. Crowley commented that one way for her to get her benefits immediately was to marry him.

16. Plaintiff was stunned and shocked to hear such a comment from her new boss, so

she nervously laughed the comment off.

17. The following day, Mr. Crowley approached Plaintiff's desk area and asked her if she would be interested in dating him.

18. This made Plaintiff extremely uncomfortable; Plaintiff said no.

19. At that time, Plaintiff realized that she needed to guard herself with Mr. Crowley, which was extremely distressing, especially in a new job.

20. Within the first few weeks, after she declined Mr. Crowley's date invitation, he gave Plaintiff an orchid and told her not to tell the other girl in the office, where it came from.

21. Following the orchid, Mr. Crowley frequently left flowers on Plaintiff's desk.

22. Not only did he physically leave flowers on her desk, but Mr. Crowley would regularly text Plaintiff, after hours, with pictures of flowers as well.

23. The next day, he would ask Plaintiff if she received the picture, and told Plaintiff he wanted her to know that he was thinking of her.

24. On Valentine's Day, Plaintiff had a bag with hearts on it, on her desk, and Mr. Crowley asked her if it was a gift for him.

25. Mr. Crowley's continued advances caused Plaintiff to feel frightened and violated.

26. On another occasion, at a commission meeting, which occurs in the evenings, Mr. Crowley approached Plaintiff and commented that "this is the only time I get to see you at night."

27. In early April 2021, Mr. Crowley bumped into Plaintiff's predecessor, Constance Ruppender, at the Old Davie School Historical Museum.

28. When Mr. Crowley returned to the office, he told Plaintiff he bumped into Ms. Ruppender and that she asked how Plaintiff was doing in the job.

29. Mr. Crowley told Plaintiff that he told Ms. Ruppender that Plaintiff was doing a very good job. Then, he made a funny face and looked directly at Plaintiff, which made her feel insecure, so she looked the other way.

30. The following week, on Tuesday, April 13, Ms. Ruppender came to the office to go over work procedures with Plaintiff, specifically the word press software program for the website.

31. When they were done, Plaintiff walked Ms. Ruppender out to her car and while they were talking in the parking lot, she asked me about my dating life.

32. Plaintiff felt that this was an inappropriate and personal question, so she looked the other way and changed the subject.

33. Ms. Ruppender then remarked to Plaintiff that, "Mike is a womanizer, and if he wants in your pants, he will charm you."

34. After four months of Mr. Crowley's unwelcome and uninvited sexual advances/misconduct towards Plaintiff and after Mrs. Ruppender's comment, she felt threatened.

35. Yet, Mr. Crowley's behavior continued. One day Mr. Crowley handed Plaintiff a Lego figurine and told her that his son made a figurine of her.

36. Mr. Crowley, also, would tell Plaintiff about his personal affairs, specifically with his finances and other material belongings, in an apparent effort to impress her.

37. Plaintiff continued to reject Mr. Crowley's constant and repeated advances.

38. In mid-May, things drastically changed. One of Plaintiff's co-workers was going to be out of the office for a week, and she would have to cover for her.

39. Plaintiff remarked to Mr. Crowley that she did not know the co-worker was going

to be out for an amount of time, and asked him another question, which he ignored.

40. Mr. Crowley then began to give Plaintiff a cold and stony shoulder, and rarely acknowledged her professional, work-related questions.

41. Then, for the next few weeks, the environment in the office and Mr. Crowley's interactions with Plaintiff became callous, taciturn, and hostile.

42. On Wednesday, June 16, 2021, Mr. Crowley walked up to Plaintiff's desk, with Mr. Selby behind him, and handed her a termination letter.

43. Mr. Crowley said it "just didn't work out."

44. Plaintiff stood up from her desk and asked if they could have a conversation. Mr. Crowley responded no; you had your chance.

45. Prior to her termination, Plaintiff had never received a warning or disciplinary action of any kind.

46. To the contrary, she had received several compliments regarding her work from Mr. Crowley.

## COUNT I
## VIOLATION OF TITLE VII: DISCRIMINATION BASED ON SEX

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 46 above as if set out in full herein.

48. Plaintiff is a member of a protected class of women.

49. At all times material hereto, the Defendant failed to comply with Title VII [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against

any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's sex, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's sex, color, religion, sex, or national origin."

50. Crowley sexually harassed, made repeated unwanted advances towards, and assaulted Plaintiff as more fully described in paragraphs 11 - 46 of this Complaint.

51. The harassment and assault were made towards Plaintiff because of her sex. Alternatively, Plaintiff's sex was a motivating factor that made Crowley sexually harass Plaintiff.

52. This sexual harassment and assault significantly changed the terms and conditions of Plaintiff's employment.

53. Defendant knew or should have known of Crowley's sexual harassment towards Plaintiff but failed to appropriately act.

54. Actual knowledge of Crowley's harassment of Plaintiff is also imputed on Defendant by virtue of Crowley's position as a supervisor.

55. When Plaintiff repeatedly refused Crowley's advances, he became cold, callous, taciturn, and hostile; and was eventually terminated.

56. The Defendant failed to investigate or intervene to prevent Plaintiff's sexual harassment and retaliated against Plaintiff.

57. As a direct and proximate result of the Defendant's failure to act to stop and prevent the sexual harassment of Plaintiff, she has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award reinstatement;

e) Award Plaintiff prejudgment interest on her damages award;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II
## VIOLATION OF TITLE VII: SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT

58. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 46 above as if set out in full herein.

59. As a woman Plaintiff is a member of a protected class.

60. Crowley has subjected Plaintiff to unwanted sexual harassment and sexual advances as more fully described in paragraphs 11 - 46 of this Complaint.

61. The offensive and harassing conduct referred to in paragraphs 11 - 46 of this Complaint was offensive to Plaintiff and would be offensive to a reasonable person.

62. Crowley's harassment and unwarranted advances towards Plaintiff were based upon Plaintiff's sex. Alternatively, Plaintiff's sex was a motivating factor that made Crowley harass Plaintiff.

63. As a result of Crowley's sexual harassment upon Plaintiff, the terms, conditions, and privileges of Plaintiff's employment, were so perverse as to adversely alter the work environment and to create an abusive and hostile work environment.

64. Crowley's sexual harassment towards Plaintiff was done knowingly and intentionally, and in willful, wanton, and reckless disregard of Plaintiff's federally protected rights.

65. Defendant knew or should have known of Crowley's sexual harassment towards Plaintiff but failed to appropriately act.

66. Actual knowledge of Crowley's harassment of Plaintiff is also imputed on Defendant by virtue of Crowley's position as a supervisor.

67. As a direct and proximate result of Crowley's sexual harassment towards Plaintiff and the Defendant's inaction, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation and physical injuries and distress.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor, and against the Defendant as follows:

    a. Enter judgment in Plaintiff's favor and against Defendant for its violations of TITLE VII;

    b. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

    c. Reinstate full fringe benefits and seniority rights to Plaintiff.

    d. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    e. Award Plaintiff compensatory damages under the TITLE VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

    f. Award Punitive damages according to proof;

    g. Award Plaintiff prejudgment interest on her damages award;

    h. Award Plaintiff reasonable costs and attorney's fees; and

    i. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III
## VIOLATION OF TITLE VII: SEXUAL HARASSMENT RETALIATION

68. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 46 above as if set out in full herein.

69. As a woman Plaintiff is a member of a protected class.

70. Crowley has subjected Plaintiff to unwanted and unwelcome sexual harassment, and sexual advances.

71. Crowley's sexual harassment and the related retaliation against Plaintiff were

based upon Plaintiff's sex. Alternatively, Plaintiff's sex was a motivating factor that made Crowley harass Plaintiff, and the Defendant retaliate against her.

72. As more fully described in Paragraphs 11 – 46, Crowley began to harass and make unwanted advances towards Plaintiff since she first started working for Defendant.

73. These advances were frequent and continuous for much of Plaintiff's employment.

74. When Plaintiff repeatedly refused Crowley's advances, he became cold, callous, taciturn, and hostile; and Plaintiff was eventually terminated.

75. At the time of the unlawful retaliation, Plaintiff satisfactorily performed the essential job functions assigned to her by Defendant.

76. Any alleged nonretaliatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment.

77. As a direct and proximate result of the retaliation against Plaintiff, she has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation and physical injuries and distress.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor, and against the Defendant as follows:

    a. Enter judgment in Plaintiff's favor and against Defendant for its violations of TITLE VII;

    b. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

    c. Reinstate full fringe benefits and seniority rights to Plaintiff.

    d. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    e. Award Plaintiff compensatory damages under the TITLE VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

    f. Award Punitive damages according to proof;

    g. Award Plaintiff prejudgment interest on her damages award;

    h. Award Plaintiff reasonable costs and attorney's fees; and

    i. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON SEX

78. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-46 above as if set out in full herein.

79. At all times material hereto, the Employer/Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

*"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex,* color, *religion, sex, national origin, age, handicap, or marital status"*

80. Plaintiff is a member of a protected class under the FCRA, Sections 760.01-760.11, based on her sex (female).

81. Crowley sexually harassed and made repeated unwanted advances towards

Plaintiff as more fully described in paragraphs 11 - 46 of this Complaint.

82. The harassment and unwanted advances were made towards Plaintiff because of her sex. Alternatively, Plaintiff's sex was a motivating factor that made Crowley sexually harass Plaintiff.

83. This sexual harassment significantly changed the terms and conditions of Plaintiff's employment.

84. Defendant knew or should have known of Crowley's sexual harassment towards Plaintiff but failed to appropriately act.

85. Actual knowledge of Crowley's harassment of Plaintiff is also imputed on Defendant by virtue of Crowley's position as a supervisor.

86. The Defendant failed to investigate or intervene to prevent Plaintiff's sexual harassment and retaliated against Plaintiff.

87. As a direct and proximate result of the Defendant's failure to act to stop and prevent the sexual harassment and sexual assault of Plaintiff, she has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation, and distress.

**WHEREFORE,** Plaintiff requests that this Court enter judgment in her favor and against the Defendant as follows:

  a. Enter judgment in Plaintiffs favor and against Defendant for damages;
  b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    c.  Award Plaintiff compensatory damages under the for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

    d.  Award Plaintiff prejudgment interest on her damages award;

    e.  Award any other compensation allowed by law, attorney's fees (448.104) and such other and further relief, as this Court deems equitable and just.

## COUNT V
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: SEXUAL HARASSMENT - HOSTILE WORK ENVIRONMENT

88.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 46 above as if set out in full herein.

89.    Plaintiff is a member of a protected class under the FCRA, Sections 760.01- 760.11, based on her sex (female).

90.    Crowley has subjected Plaintiff to unwanted sexual harassment and sexual advances, as more fully described in paragraphs 11 - 46 of this Complaint.

91.    The offensive and harassing conduct referred to in paragraphs 11 - 46 of this Complaint was offensive to Plaintiff and would be offensive to a reasonable person.

92.    Crowley's harassment and assault towards Plaintiff were based upon Plaintiff's sex. Alternatively, Plaintiff's sex was a motivating factor that made Crowley harass Plaintiff.

93.    As a result of Crowley's sexual harassment upon Plaintiff, the terms, conditions, and privileges of Plaintiff's employment, were so perverse as to adversely alter the work environment and to create an abusive and hostile work environment.

94. Crowley's sexual harassment towards Plaintiff was done knowingly and intentionally, and in willful, wanton, and reckless disregard of Plaintiff's state and federally protected rights.

95. Defendant knew or should have known of Crowley's sexual harassment towards Plaintiff but failed to appropriately act.

96. Actual knowledge of Crowley's harassment of Plaintiff is also imputed on Defendant by virtue of Crowley's position as a supervisor.

97. As a direct and proximate result of Crowley's sexual harassment towards Plaintiff and the Defendant's inaction, Plaintiff has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation and physical injuries and distress.

**WHEREFORE,** Plaintiff requests that this Court enter judgment in her favor and against the Defendant as follows:

a. Enter judgment in Plaintiffs favor and against Defendant for damages;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award Plaintiff compensatory damages under the for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award any other compensation allowed by law, attorney's fees (448.104) and such other and further relief, as this Court deems equitable and just.

## COUNT VI
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1922 CHAPTER 760: SEXUAL HARASSMENT - RETALIATION

98. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 46 above as if set out in full herein.

99. Plaintiff is a member of a protected class under the FCRA, Sections 760.01-760.11, based on her sex (female).

100. Crowley has subjected Plaintiff to unwanted and unwelcome sexual harassment, sexual advances.

101. Crowley's sexual harassment and the related retaliation against Plaintiff were based upon Plaintiff's sex. Alternatively, Plaintiff's sex was a motivating factor that made Crowley harass Plaintiff, and the Defendant retaliate against her.

102. As more fully described in Paragraphs 11 – 46, Crowley began to harass and make unwanted advances towards Plaintiff since she first started working for Defendant.

103. These advance were frequent and continuous for much of Plaintiff's employment.

104. When Plaintiff repeatedly refused Crowley's advances, he became cold, callous, taciturn, and hostile; and Plaintiff was eventually terminated.

105. At the time of the unlawful retaliation, Plaintiff satisfactorily performed the essential job functions assigned to her by Defendant.

106. Any alleged nonretaliatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment.

107. As a direct and proximate result of the retaliation against Plaintiff, she has suffered,

and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation and physical injuries and distress.

**WHEREFORE,** Plaintiff requests that this Court enter judgment in her favor and against the Defendant as follows:

a. Enter judgment in Plaintiffs favor and against Defendant for damages;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award Plaintiff compensatory damages under the for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award any other compensation allowed by law, attorney's fees (448.104) and such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: April 20, 2022.

>Respectfully submitted,
>**s/Brandon Gibson**
>Brandon Gibson (FBN: 99411)
>E-mail: bgibson@rtrlaw.com
>REIFKIND, THOMPSON, & RUDZINSKI, LLP
>3333 W. Commercial Blvd, Ste. 200
>Ft. Lauderdale, Florida 33309
>Telephone: (954) 370-5152
>Facsimile: (954) 370-1992
>*Counsel for Plaintiff(s)*